IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CYNTHIA MARIE HOLLAWAY, )
)
       Plaintiff, )
)
v. ) Case No. CIV-18-351-RAW-KEW
)
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
)
       Defendant. )

### REPORT AND RECOMMENDATION

Plaintiff Cynthia Marie Hollaway (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 35 years old at the time of the ALJ's decision. Claimant completed more than a high school education. Claimant has worked in the past as a stocker, cashier, material handler,

3

and compact press operator.  Claimant alleges an inability to work beginning March 26, 2015 due to limitations resulting from mental and physical impairments.

## Procedural History

On April 16, 2015, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On June 19, 2017, Administrative Law Judge Deidre Dexter ("ALJ") conducted an administrative hearing in Tulsa, Oklahoma.  On September 13, 2017, the ALJ issued an unfavorable decision.  The Appeals Council denied review on August 28, 2018.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation.  She determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

4

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly evaluate the opinion of a consultative physician.

**Consideration of the Consultative Opinion Evidence**

In her decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, obesity, depression, anxiety, and posttraumatic stress syndrome ("PTSD"). (Tr. 35). The ALJ concluded that Claimant retained the RFC to perform a full range of sedentary work. In so doing, she found Claimant could lift, carry, push, or pull up to ten pounds frequently and 20 pounds occasionally; sit up to six hours in an eight hour workday; stand and/or walk up to two hours in an eight hour workday; the job should not require walking more than 20 minutes consecutively and should not require standing for more than 30 minutes consecutively; occasionally use foot controls; occasionally climb ramps or stairs, balance, stoop, kneel or crouch; never climb ladders, ropes, or scaffolds or crawl; perform simple, routine, and repetitive tasks with regular breaks every two hours; occasionally interact with supervisors as needed to receive work instructions; work in proximity to co-workers but have no more than occasional direct interaction with co-workers;

never interact with the general public; and the job should not require more than ordinary and routine changes in work setting or work duties. (Tr. 37).

After consulting with a vocational expert, the ALJ concluded Claimant could not perform her past relevant work but found she could perform the representative jobs of touch-up screener, addresser, and document preparer, all of which were found to exist in sufficient numbers in the national economy. (Tr. 50). As a result, the ALJ found Claimant was not disabled under a disability from March 26, 2015, the amended alleged onset date, through the date of the decision. Id.

Claimant contends that the ALJ failed to properly evaluate the opinion of Dr. Brian R. Snider, a licensed psychologist who acted as a consultative mental health professional. Dr. Snider performed a mental status examination of Claimant on September 10, 2015. After the examination, Dr. Snider diagnosed Claimant with Major Depressive Disorder, recurrent, moderate; PTSD; Social Anxiety Disorder; Panic Disorder; Agoraphobia; and Alcohol Use Disorder in Sustained Remission. (Tr. 525). In the narrative for the section of the report entitled "Functional Impairments," Dr. Snider stated as follows:

6

> Ms. Hollaway would probably have little difficulty understanding and carrying out simple instructions and would likely have marked difficulty with complex and detailed instructions. She is likely to have marked difficulty concentrating and persisting through a normal workday and work week without interruptions from her psychiatric symptoms is likely markedly impaired. In all likelihood, she would have moderate-marked difficulty responding appropriately to coworkers, supervisors, and the public.

(Tr. 526).

The ALJ noted Dr. Snider's evaluation in her decision. She found that Claimant's attention and memory were intact, she evidenced a good understanding of all questions posed to her, followed a three step command, and scored 29 out of 30 on the Mini-Mental Status Exam. Her intellectual ability was found to be in the low average to average range and Dr. Snider found with proper and consistent psychiatric treatment, her psychiatric symptoms should improve. The ALJ noted Dr. Snider's marked limitations set forth in his report but gave them "little weight" because they were not supported by the record. (Tr. 46). He later discussed the marked limitations found by Dr. Snider but concluded that they were not supported by evidence of record or the mental status examination upon which Dr. Snider based the limitations. (Tr. 48).

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle

v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). In reviewing the ALJ's decision, it is honestly difficult to ascertain what evidence she relied upon to reject the opinions of Dr. Snider, Dr. Snelling, Dr. Lochner, Dr. Neely, and Dr. Varghese specifically addressing Claimant's mental condition. (Tr. 48). Granted – some of the opinion evidence was rejected in favor of greater limitations than the expert provided. Id. But in regard to Dr. Snider, this Court cannot determine the evidence upon which the ALJ relied to arrive at the mental portion of the RFC nor the evidence relied upon to reject Dr. Snider's opinions. A meaningful review is not possible with the information and reasoning provided. See Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004)("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings."). On remand, the ALJ shall specifically set forth the evidence relied upon to reject Dr. Snider's findings which were adverse to a finding of non-disability.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE